Kenneth R. SHEPHERD, Appellant–
Defendant,

v.

Raymond D. TRUEX, et al.,
Appellees–Plaintiffs.

No. 43A03–0402–CV–53.

Court of Appeals of Indiana.

Dec. 16, 2004.

Kenneth R. Shepherd, Claypool, IN, Appellant Pro Se.

David C. Kolbe, Warsaw, IN, Attorney for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant Kenneth R. Shepherd (Shepherd) appeals the trial court's entry of summary judgment in favor of Defendants–Appellees Terry McGlennen (McGlennen), Steven Heller (Heller), and Kenneth Wolf, Jr. (Wolf) and entry of an order of dismissal for failure to state a claim in favor of Defendants–Appellees Raymond Truex (Truex) and Alan Rovenstine (Rovenstine) (collectively "Appellees"). We affirm and remand for an award of appellate attorney fees.

Shepherd presents six issues for our review which we consolidate and restate as three:

I. Whether the trial court erred by entering summary judgment.

II. Whether the trial court engaged in inappropriate contact with defense counsel.

III. Whether a motion pursuant to Ind. Trial Rule 60(B) for fraud upon the court can be filed in a court other than the one in which the original judgment was rendered.

In addition, McGlennen, Heller and Wolf request this Court to award appellate attorney fees.

This case has a long, convoluted history that begins in 1999. In August 1999, Truex was accused of pointing a firearm at a group of people including Shepherd, Heller, McGlennen and Wolf. On September 9, 1999, the State filed against Truex the charge of pointing a firearm, and on March 3, 2000, Truex pleaded guilty to the charge pursuant to a plea agreement. On June 5, 2000, Shepherd filed an action against Truex in federal district court, but it is unclear from the materials on appeal the manner in which the federal case was disposed. Shepherd alleges that the federal court "dismissed the case back to [s]tate [c]ourt," although the chronological case summary of the state court is silent as to this alleged occurrence. Appellant's Appendix at 30. However, the materials on appeal do in fact disclose that in August 2001 Shepherd filed another action against Truex in state court, specifically Kosciusko Superior Court I. In October 2001, Kosciusko Superior Court I granted summary judgment in favor of the defendants and against Shepherd. In July 2003, Shepherd filed yet another action. This is the present action which was filed in Kosciusko Circuit Court against the Appellees for the alleged "fraud on the court" that was committed by the Appellees in the case in Kosciusko Superior Court I. Heller, McGlennen and Wolf filed their motion for summary judgment which, following a hearing, the circuit court granted. Truex and Rovenstine filed their motion to dismiss for failure to state a claim which the circuit court granted also. This appeal ensued.

Shepherd first contends that the trial court erred by entering summary judgment in favor of McGlennen, Heller and Wolf. Particularly, he argues that summary judgment was inappropriate because McGlennen, Heller and Wolf failed to file a memorandum in support of their motion, because the trial judge refused to allow Shepherd to present new evidence at the summary judgment hearing, and because the trial court failed to designate the issues upon which it found no genuine issue as to any material fact.

█ Summary judgment is appropriate only if there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Relying upon specifically designated evidence, the moving party bears the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Estate of Pflanz v. Davis*, 678 N.E.2d 1148, 1150 (Ind.Ct.App.1997). If the moving party meets these two requirements, the burden then shifts to the non-movant to set forth specifically designated facts showing that there is a genuine issue for trial. *Id.* "A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue." *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 318 (Ind.Ct.App. 1991).

On appeal, this Court is bound by the same standard as the trial court, and we consider only those matters which were designated to the trial court. *Pflanz*, 678 N.E.2d at 1151. We liberally construe all designated evidentiary material in the light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. *Id.* The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred. *Id.*

■ In support of his first issue, Shepherd states, "[Attorney for McGlennen, Heller and Wolf] didn't present any evidence for the court to consider. Nor did he give a brief or memorandum in support of his Motion." Shepherd's Brief at 23. Shepherd asserts that while McGlennen, Heller and Wolf failed to file a memorandum in support of their motion, he filed four memorandums totaling 74 pages and three designations of twenty-four items in support of his response. The remainder of his argument on this issue is his re-state-

ment of the entire case, primarily reiterating his version of the procedural history of the case.

We remind Shepherd that he has the onerous burden of convincing this Court on appeal that the trial court made a mistake. *See Pflanz*, 678 N.E.2d at 1151. Ind. Trial Rule 56 governs summary judgment. T.R. 56(B) states that a defending party may move for summary judgment *with or without supporting affidavits*. In addition, T.R. 56(C) requires that the parties *shall* designate to the court the matters upon which they rely for purposes of the motion. Here, McGlennen, Heller and Wolf filed their motion for summary judgment without supporting affidavits. They also filed a "Notice of Evidentiary Material" which designated the evidentiary material they wanted the court to consider in support of their motion. McGlennen, Heller and Wolf complied with the trial rules in submitting their motion for summary judgment. They did not submit a memorandum in support of their motion, but none is required by the trial rules. Merely because a party submits voluminous materials to the court does not in turn mean that party is entitled to prevail on the issue. Rather, it is the information contained in the materials, not the quantity of materials, that determines the grant or denial of a motion for summary judgment. Save for Shepherd's lackluster assertion that summary judgment was inappropriate because McGlennen, Heller and Wolf did not file a memorandum, he fails to make any meaningful argument as to why summary judgment was inappropriate in this case.

Next, Shepherd avers that the trial court erred by refusing to allow him to introduce at the hearing on summary judgment what he terms "newly discovered evidence." Specifically, Shepherd asserts that several days prior to the hearing he received answers to interrogatories from

two defendants who are not parties to this appeal, and there was information in their answers that he wanted to introduce at the hearing. The trial court did not let Shepherd introduce this evidence at the hearing.

■ It is true that parties may inform the trial court of new cases, arguments, or insights at the summary judgment hearing which occur after the filing of the motion. *Stackhouse v. Scanlon,* 576 N.E.2d 635, 639–40 (Ind.Ct.App.1991). However, the decision to admit evidence lies within the sound discretion of the trial court. *Strack and Van Til, Inc. v. Carter,* 803 N.E.2d 666, 670 (Ind.Ct.App.2004). The trial court's determination is afforded considerable discretion on appeal, and we will not reverse the trial court's decision absent a showing of manifest abuse of that discretion. *Id.*

Here, Shepherd fails to make any showing that the trial court abused its discretion by not allowing this evidence. He merely cites *Stackhouse, supra,* and states that the information should have been admitted. This meager effort does not meet the burden of demonstrating a manifest abuse of discretion by the trial court.

For his final allegation of error regarding the trial court's entry of summary judgment, Shepherd claims that the trial court did not designate the issues upon which it found no genuine issue of material fact. In support of this contention, Shepherd cites no trial rule or case law.

■ We note that T.R. 56(C) states, "The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts." However, we also observe that we have previously determined that this requirement is triggered only when the trial court grants summary judgment on less than all of the issues. *Wolfe v. Stork RMS–Protecon,*

*Inc.,* 683 N.E.2d 264, 267 (Ind.Ct.App. 1997). Otherwise, T.R. 56 imposes no obligation upon the trial court to specifically state the legal basis for granting summary judgment. *Id.* The case at bar does not involve a partial summary judgment; therefore, the trial court was not required to specifically state the legal basis of its judgment. We find no error.

■ Shepherd's next contention involves the trial court and defense counsel. Shepherd alleges that the appearance of an *ex parte* communication occurred when:

"[Defense counsel] approached [Shepherd] and asked him if he wanted to get started early or wait until [the appointed hearing time]. [Shepherd] said he would like to get started early. So, [defense counsel] said come with me. [Defense counsel] took [Shepherd] to the Court room, asked him to be seated and said I'll go get the judge. [Defense counsel] left the Court room through the back and several minutes later returned with the judge."

"After the hearing [the trial judge] and [defense counsel] exit [sic] the Court room together in the back, the way they came in."

Appellant's Brief at 39.

Defense counsel, as an officer of the court, responds that, as a courtesy, he merely advised the judge and the court staff that the parties were ready to commence the hearing and that no *ex parte* communication occurred. Further, defense counsel states that, following the hearing, he exited the courtroom via the jury room and that, again, no impropriety occurred.

First we note that, although not cited by Shepherd, Ind. Professional Conduct Rule 3.5(b) states: A lawyer shall not ... communicate ex parte with [a judge] except as permitted by law. Shepherd frames his

issue as an "illegal **appearance** of an *ex parte* meeting," and his only claim is that "[t]here might not be anything to it, but it appeared to [Shepherd] that it is an illegal meeting with the Judge and attorney." Appellant's Brief at 38 and 39 (emphasis added). Shepherd's allegation is mere speculation without any substantiation. We agree with defense counsel that these events are insufficient to raise the question of impropriety by the trial court and defense counsel.

■ Moreover, although Shepherd did not mention Prof. Cond. R. 3.5 in his brief, he did set out numerous canons from the Code of Judicial Conduct. However, we note that the Indiana Supreme Court has exclusive jurisdiction over alleged violations of the Code of Judicial Conduct. *In Re Guardianship of Hickman,* 805 N.E.2d 808, 814–15 (Ind.Ct.App.2004). Therefore, we cannot determine whether the trial judge violated a Judicial Canon because it is not a proper consideration for this Court. *Id.* at 815.

■ The final issue raised by Shepherd is whether a motion pursuant to Ind. Trial Rule 60(B) for fraud upon the court can be filed in a court other than the one in which the judgment was rendered. The lawsuit Shepherd filed in Kosciusko Superior Court I was disposed of via summary judgment. Shepherd then filed the current action in Kosciusko Circuit Court pursuant to T.R. 60(B), claiming fraud upon Kosciusko Superior Court I.

■ "While we prefer to decide cases on their merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors." *Thacker v. Wentzel,* 797 N.E.2d 342, 345 (Ind.Ct.App.2003). The purpose of the appellate rules, especially Ind. Appellate Rule 46, is to aid and expedite review, as well as to relieve the appellate court of the burden of searching the record and briefing the case. *Id.* Ind. Appellate Rule 46(A)(8)(a) states that the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on. . . ." It is well settled that we will not consider an appellant's assertion on appeal when he has failed to present cogent argument supported by authority and references to the record as required by the rules. *Thacker,* 797 N.E.2d at 345. If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This, clearly, we cannot do. *See id.*

In the present case, Shepherd's argument on this last issue is utterly devoid of cogent argument. He does cite to some authority, but he merely gives the cite, perhaps asserting what the cited authority allegedly states, and then wholly fails to explain in what way, if at all, the referenced authority affects or relates to the present case. Put simply, Shepherd's argument is too poorly developed and improperly expressed to be considered cogent argument as required by the rules of appellate procedure.

■ Moreover, Shepherd cannot take refuge in the sanctuary of his amateur status. As we have noted many times before, a litigant who chooses to proceed *pro se* will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of his action. *Id.* Thus, this issue is waived for lack of cogent argument.

Finally, McGlennen, Heller and Wolf request an award of appellate attorney fees. Although mindful that courts should be sensitive to cases brought by and arguments made by *pro se* litigants, they aver that the *pro se* status "is not *carte blanche* for allowing a litigant to use the legal system as a weapon against the witnesses in a failed litigation." Appellees' Brief at 5. They claim that Shepherd's litigation is meritless and that he has failed with three different lawsuits against varying parties who were involved with a gun-wielding incident that occurred in 1999. This latest case involves Shepherd filing suit against the witnesses of the criminal case.

Ind. Appellate Rule 66(E) provides that this Court may assess damages, including attorney fees, if an appeal is frivolous or in bad faith. Our discretion to award attorney fees under this rule is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Thacker*, 797 N.E.2d at 346. Even in cases where these characteristics are present, we are cautious to use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *Id.*

We have previously categorized claims for appellate attorney fees into "substantive" and "procedural." To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are devoid of all plausibility. *Id.* Conversely, procedural bad faith occurs when a party flagrantly disregards the form and content requirements of the appellate rules, omits and misstates relevant facts from the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. *Id.* at 346–47. Even if the appellant's conduct is not necessarily deliberate, procedural bad faith can still be found. *Id.* These rules apply to *pro se* litigants just as equally as they do to trained legal counsel. *Id.*

As for the substantive bad faith claim, we need only look to the issues raised by Shepherd. The issues in this appeal are meritless, and the abundant underlying litigation amounts to harassment. Shepherd has filed three lawsuits surrounding the gun incident that occurred in 1999, and, in the present case, he has named as defendants those people that were witnesses in the criminal case against Truex. We cannot glean from the documents on appeal how Shepherd has been injured or damaged based upon his almost indecipherable claims, and we are furthermore unable to determine any plausible explanation for the need to continue to file lawsuits with regard to this incident.

Moreover, we find procedural bad faith based upon the inordinate time this Court was required to spend, first, deciphering Shepherd's unintelligible appellate claims, and second, formulating coherent determinations to make sense of Shepherd's assertions. Further, in presenting all of his six allegations of error, Shepherd completely failed to comply with Ind. Appellate Rule 46(A)(8)(a) which requires cogent reasoning as well as citations to authorities, statutes, and the appendix or the record on appeal. Thus, because we determine that Shepherd's appeal was neither substantively plausible nor procedurally acceptable, McGlennen, Heller, and Wolf are entitled to recover appellate attorney fees. Therefore, we remand to the trial court for a determination of an appropriate award.

Based upon the foregoing discussion and authorities, we conclude that Shepherd failed to meet his burden of convincing this

Court that the trial court erred by entering summary judgment in favor of McGlennen, Heller, and Wolf. Additionally, Shepherd failed to make any showing that the trial court abused its discretion by not allowing his new evidence at the summary judgment hearing. We also conclude that the trial court's entry of summary judgment was proper because it was not required to specifically state the legal basis of its judgment, and we further determine that the facts are insufficient to raise the question of impropriety by the trial court and defense counsel. Moreover, the Indiana Supreme Court has exclusive jurisdiction over alleged violations of the Code of Judicial Conduct; therefore, we cannot determine whether the trial judge violated a Judicial Canon. In addition, by wholly failing to present cogent argument, Shepherd has waived review of his assertion that a motion pursuant to Ind. Trial Rule 60(B) for fraud upon the court can be filed in a court other than the one in which the original judgment was rendered. Finally, we conclude that due to Shepherd's substantive and procedural bad faith, McGlennen, Heller, and Wolf are entitled to an award of appellate attorney fees.

Affirmed and remanded to the trial court for determination of appellate attorney fees.

KIRSCH, C.J., and RILEY, J., concur.