TERRANCE NEPTUNE and PATRICIA NEPTUNE, Appellants,
v.
EDWARD OGAN and CMA SUPPLY COMPANY, Appellees.
No. 48A02-0510-CV-953
Court of Appeals of Indiana.
December 14, 2006.
TERRANCE NEPTUNE, PATRICIA NEPTUNE, Anderson, Indiana, APPELLANTS PRO SE.
ADAM J. MOORE, Smith Fisher Maas & Howard, P.C. Indianapolis, Indiana, ATTORNEY FOR APPELLEE.

MEMORANDUM DECISION
BARNES, Judge.

Case Summary
Terrance and Patricia Neptune appeal the trial court's order dismissing their claims against Edward Ogan and CMA Supply Company ("CMA") based on the Neptunes' failure to comply with a discovery order. We affirm.

Issue
The Neptunes raise three issues, which we consolidate and restate as whether the trial court properly granted Ogan and CMA's motion to dismiss.

Facts
On February 11, 1999, the Neptunes filed a complaint in Marion County alleging that Ogan, an employee of CMA, had negligently caused an automobile accident involving Terrance. The Neptunes requested damages for Terrance's physical injuries, mental anguish, future pain and suffering, and lost compensation and for Patricia's loss of companionship. In May of 2000, Ogan and CMA filed a motion requesting that Terrance execute a release of an earlier application for Social Security disability benefits. On August 16, 2000, before the trial court ruled on the motion, the Neptunes moved for a change of venue to Madison County. The trial court granted this motion. On March 5, 2002, Ogan and CMA again requested that Terrance execute a release of his application for disability benefits. The Neptunes objected to this request.
On July 25, 2002, the Neptunes sought the appointment of a special judge. Eventually, the case was referred to a senior judge. On August 29, 2002, the Neptunes again requested the appointment of a special judge. While this motion was pending, the parties agreed to a hearing to determine Terrance's privacy rights to the Social Security records. On March 24, 2003, after the hearing, the trial court concluded that Terrance improperly refused to comply with the request for a release and that the Neptunes' complaint would be dismissed unless he signed a release as previously ordered by the court. Terrance eventually executed a release. On March 27, 2003, the trial court issued an order indicating that it would review the records, determine if they were relevant, and provide any relevant records to Ogan and CMA. The following day, before the records were disclosed, the Neptunes filed another petition for special judge. On April 29, 2003, a special judge was appointed to the case.
The Chronological Case Summary ("CCS") shows that on July 17, 2003, Patricia contacted the special judge and requested ex parte communications with him. On August 20, 2003, the Neptunes again petitioned for the appointment of a special judge. The CCS shows that on October 2, 2003, the Neptunes again attempted to have ex parte communications with the special judge and that the special judge declined the communications. The Neptunes alleged that the special judge was biased and prejudiced against them. As a result, the special judge recused himself from the case.
Eventually, yet another judge was appointed to the case. On July 25, 2005, a status conference was held, after which the Neptunes moved for a change of venue. On August 4, 2005, Ogan and CMA objected to the motion for change of venue and moved to dismiss or to compel Terrance to authorize the release of his Social Security disability records. The following day, the Neptunes filed a "petition to amend and make part of the record." Appellants' App. p. 77. Included in the petition were averments that before and shortly after the accident, Terrance sought treatment for back problems and that he had applied for Social Security benefits in 1997. On August 8, 2005, the Neptunes moved to quash the motion to dismiss and again moved for a change of venue. On August 15, 2005, the trial court granted the Neptunes' petition to amend the record, denied their motion for change of venue, and denied the motion to quash. The trial court also granted Ogan and CMA's motion to compel Terrance to release the Social Security disability records. On August 25, 2005, Terrance signed a release. However, Terrance limited the release to "[a]ll records from `98' to the present." Appellees' App. p. 52. The release was also conditioned on Ogan and CMA paying any fees and the Neptunes being present during Ogan and CMA's review of the records.
Ogan and CMA again moved to dismiss the complaint. On September 14, 2005, the trial court granted the motion. The Neptunes now appeal.

Analysis
Initially, we observe that on appeal the Neptunes proceed pro se. We have repeatedly observed that litigants who choose to proceed pro se will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of their actions. Shepherd v. Truex, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). The Neptunes may not take refuge in the sanctuary of their amateur status. See id.
Although we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial that it impedes our consideration of the errors. Id. "The purpose of the appellate rules, especially Ind. Appellate Rule 46, is to aid and expedite review, as well as to relieve the appellate court of the burden of searching the record and briefing the case." Id. The argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." Ind. Appellate Rule 46(A)(8)(a). We will not consider an appellant's assertions when he or she fails to present cogent arguments supported by authority and references to the record as required by the rules. Shepherd, 819 N.E.2d at 463. "If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties." Id. We clearly cannot do this. Id.
The Neptunes' appellate brief contains no argument section and is devoid of citation to authority as required by Indiana Appellate Rule 46(A)(8). Although the Neptunes' reply brief does contain an argument section and references to authority, they have failed to develop a cogent argument.[1] The Neptunes' failure to develop cogent argument waives the issues they raise on appeal.
Waiver notwithstanding, it appears that the heart of the Neptunes' appeal is the dismissal of their complaint based on their failure to comply with the trial court's discovery orders. When the discovery process breaks down, Indiana Trial Rule 37 provides trial courts with tools to enforce compliance. Nwannunu v. Weichman & Associates, P.C., 770 N.E.2d 871, 876 (Ind. Ct. App. 2002). Indiana Trial Rule 37(B)(2) permits trial courts to impose various sanctions, including an award of costs and attorney's fees, exclusion of evidence, dismissing the action, or rendering a judgment by default. Id. The appropriate sanction for failure to comply with a trial court's order is within the sound discretion of the trial court. Id.
Apparently, responses to Ogan and CMA's nonparty request for documents served on Terrance's doctors indicated that Terrance had a history of back problems before the accident occurred. This is confirmed by the Neptunes' "petition to amend and make part of the record." Appellants' App. pp. 78-79. For this reason, Ogan and CMA sought Terrance's Social Security disability records. For over five years, Ogan and CMA repeatedly requested that Terrance execute a release of these records. The Neptunes responded by moving for special judges and changes of venue and employing other delaying tactics.
On August 15, 2005, the trial court ordered Terrance to release the Social Security disability records. The trial court specifically ordered Terrance to sign and deliver the release form that was "hand delivered" to him at the July 25, 2005 hearing within ten days. Appellees' App. p. 44. The order also indicated that if that form was not timely signed and delivered, the Neptunes' complaint would be dismissed. The consent form provided to Terrance at the hearing required the release of "all medical Records, Rpts, Filings & Submission by Mr. Neptune & Administrative Rulings & Notices." Appellees' App. p. 51. The release signed by Terrance on August 25, 2005, was modified and limited the release to "[a]ll records from `98' to the present." Appellees' App. p. 52. The release was also conditioned on Ogan and CMA paying any fees and the Neptunes being present during Ogan and CMA's review of the records. Terrance simply failed to comply with the trial court's August 15, 2005 order. It was within the trial court's discretion to dismiss the complaint.

Conclusion
The Neptunes' failure to develop cogent arguments waives any issues they raise. Waiver notwithstanding, the trial court did not abuse its discretion in dismissing the Neptunes' complaint after Terrance failed to execute a release of his Social Security disability records as ordered by the trial court. We affirm.
Affirmed.
NAJAM, J., and DARDEN, J., concur.
NOTES
[1] To the extent the Neptunes raise issues for the first time in their reply brief, "[t]he law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived." Monroe Guar. Ins. Co. v. Magwerks Corp., 829 N.E.2d 968, 977 (Ind. 2005).