**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**DOMINEE M. FLORENCE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 16 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOMINEE M. FLORENCE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1109-EX-867 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and | ) | |
| KINDRED NURSING CENTERS LTD PTR, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 11-R-4055

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Dominee M. Florence appeals the decision of the Review Board of the Indiana Department of Workforce Development ("Review Board") in favor of Kindred Nursing Centers Ltd. Ptr. ("Kindred") on her claim for unemployment benefits. However, because of Florence's numerous and substantial violations of the Indiana Rules of Appellate Procedure, we do not reach the merits of her appeal.

We dismiss.

## FACTS AND PROCEDURAL HISTORY

Florence was terminated from her employment with Kindred in April 2011, and she sought unemployment insurance benefits. On July 15, a claims deputy of the Indiana Department of Workforce Development determined that Florence was not discharged for just cause and was eligible for unemployment insurance benefits. Kindred appealed that determination, and the administrative law judge ("ALJ") assigned to the case scheduled a telephonic hearing. The ALJ determined that Florence had not filed her telephone number with the Department as instructed, so the ALJ proceeded with the telephonic hearing without Florence. At the conclusion of the hearing, the ALJ overturned the decision of the claims deputy and found that Florence was discharged for just cause and was, therefore, ineligible for unemployment insurance benefits. Florence appealed that decision, and the Review Board affirmed the ALJ's decision denying benefits. This appeal ensued.

2

**DISCUSSION AND DECISION**

It is well settled that a litigant who chooses to proceed pro se will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of her action. Shepherd v. Truex, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). The purpose of the Appellate Rules, especially Rule 46, is to aid and expedite review, as well as to relieve the appellate court of the burden of searching the record and briefing the case. Id. We will not consider an appellant's assertion on appeal when she has failed to present cogent argument supported by authority and references to the record as required by the rules. Id. "If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties." Id. "This, clearly, we cannot do." Id.

Here, Florence did not file an appendix, in violation of Indiana Appellate Rule 49(A). Further, Florence's appellate brief does not include a table of authorities, a statement of the issues, or a statement of the case. See Ind. Appellate Rule 46(A)(2), (4) and (5). But the most egregious violations of Appellate Rule 46 occur in the statement of the facts and argument sections of Florence's brief. Florence does not include a single citation to the record in either her statement of the facts or argument sections, and she does not cite to a single authority in her argument section. See Ind. Appellate Rule 46(A)(6) and (8).

Again, we will not become an advocate for Florence on appeal. Given the lack of citations to either the record or authorities in her brief, we are unable to review Florence's appeal. Although we prefer to dispose of cases on their merits, where an appellant fails

3

to substantially comply with the Indiana Rules of Appellate Procedure, then dismissal of the appeal is warranted. <u>Hughes v. King</u>, 808 N.E.2d 146, 147 (Ind. Ct. App. 2004). Here, Florence's failure to comply with the Appellate Rules is not a mere technical violation but makes it virtually impossible for us to address her appeal on the merits.

Dismissed.

ROBB, C.J., and VAIDIK, J., concur.