**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 27 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN JORMAN, JR.**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOHN JORMAN, JR., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) No. 93A02-1203-EX-263 |
| | ) |
| REVIEW BOARD OF THE INDIANA | ) |
| DEPARTMENT OF WORKFORCE | ) |
| DEVELOPMENT, et al, | ) |
| | ) |
| Appellees. | ) |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT OF
WORKFORCE DEVELOPMENT
Case No. 12-R-553

**September 27, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

John Jorman, Jr., appeals the decision of the Unemployment Insurance Review Board ("Review Board") suspending his unemployment benefits. We affirm.

## Issue

We address one issue, which we state as whether the Review Board properly determined that Jorman was unavailable for work.

## Facts

Jorman worked on and off as a substitute teacher for Indianapolis Public Schools ("IPS") for thirty-five years. On July 12, 2011, Jorman filled out paperwork indicating that he had moved from Hendricks County to Marion County. Jorman, however, did not actually move until August 12, 2011. Although Jorman had submitted a background check from Hendricks County, on August 18, 2011, IPS requested that Jorman submit a criminal background check from Marion County. This request was made after a routine audit revealed the discrepancy between Jorman's stated county of residence, Marion County, and the county from which he received the background check, Hendricks County. The request was based on the policy that all employees in Jorman's position are required to provide a criminal background check from their county of residence. Jorman was aware of this policy. IPS gave Jorman until September 1, 2011 to return the background check.[1]

On August 21, 2011, Jorman attempted to amend the change of address form to an effective date of August 12, 2011, instead of July 12, 2011. Jorman never provided IPS

---

[1] IPS ultimately gave Jorman an additional two weeks to return the background check.

with a background check from Marion County because he felt IPS requested the background check in retaliation for complaints Jorman had filed against IPS.

Jorman last worked for IPS on September 14, 2011, at which point he was placed on inactive status for failing to provide a Marion County background check. Jorman was eligible to return to work after he returned the background check if it did not indicate anything that would prevent him from working for IPS.

Jorman apparently sought unemployment benefits, and his claim was eventually heard by an administrative law judge ("ALJ"). During the January 31, 2012 hearing, in addition to the stated issues of whether IPS discharged Jorman for just cause and whether Jorman voluntarily left employment, the parties agreed to allow the ALJ to determine whether IPS had suspended Jorman for misconduct in connection with work.

After the hearing, the ALJ concluded that Jorman refused to obey a reasonable instruction and that he was "unavailable for work within the meaning of the law due to 'suspension' (being placed on inactive status) for misconduct in connection with work." App. p. 4. The ALJ determined that Jorman had not separated from employment and was eligible to return to work after submitting a criminal background check. Accordingly, Jorman's benefits were suspended effective the week ending September 17, 2011. On March 6, 2012, the Review Board affirmed the ALJ's decision, and Jorman now appeals.

**Analysis**

Jorman appeals pro se and appears to argue that he was improperly denied unemployment benefits. Jorman's brief, however, does not include a Table of Authorities, a Statement of Issues, a Summary of Argument, or Argument section as

3

required by Indiana Appellate Rule 46(A). Instead, his brief contains the following substantive sections: Parties, Complaint, Background, Findings of Fact, Summary, and Conclusion. Although Jorman's brief does include some references to exhibits, his citations do not accurately correspond with the exhibits included in the transcript of the hearing. See App. R. 46(A)(6). Further, many of Jorman's factual assertions are not supported by any citation to the record. Id. To the extent portions of his brief could be considered argument, he has not provided us with a standard of review and repeatedly references extraneous issues not addressed by the Review Board. See Ind. App. R. 46(A)(8). His brief does contain some statutory references; however, he does not reference Indiana Code Section 22-4-14-3(c)(3), the basis for the Review Board's decision that Jorman was unavailable to work.

Jorman cannot take refuge in the sanctuary of his amateur status. "As we have noted many times before, a litigant who chooses to proceed pro se will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of his action." Shepherd v. Truex, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004).

Although we prefer to decide cases on their merits, we will deem appellate arguments waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. Id. "The purpose of the appellate rules, especially Ind. Appellate Rule 46, is to aid and expedite review, as well as to relieve the appellate court of the burden of searching the record and briefing the case." Id. We will not consider an appellant's assertion on appeal when he

4

or she has failed to present cogent argument supported by authority and references to the record as required by the rules. Id. "If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This, clearly, we cannot do." Id. Given the state of Jorman's brief and the lack of cogent argument and citation to relevant authority, his challenge of the Review Board's determination is waived.

Even if we were to broadly construe Jorman's brief to include a cogent argument regarding whether he was unavailable for work because he was found to have been suspended for misconduct in connection with his work, his claim is unavailing. Indiana Code Section 22-4-14-3 provides in part:

> (b) An unemployed individual shall be eligible to receive benefits with respect to any week only if the individual:
>
>> (1) is physically and mentally able to work;
>>
>> (2) is available for work;
>>
>> (3) is found by the department to be making an effort to secure full-time work; and
>>
>> (4) participates in reemployment services, such as job search assistance services, if the individual has been determined to be likely to exhaust regular benefits and to need reemployment services . . . .
>
> * * * * *
>
> (c) For the purpose of this article, unavailability for work of an individual exists in, but is not limited to, any case in which, with respect to any week, it is found:
>
> * * * * *

5

> (3) that such individual is suspended for misconduct in connection with the individual's work . . . .

"Whether an individual is 'available for work' within the meaning of the statute depends, Indiana courts have held, upon the facts and circumstances of each case as considered against the background and purposes of the legislation." Puckett v. Review Bd. of Indiana Emp't Sec. Div., 413 N.E.2d 295, 302 (Ind. Ct. App. 1980). It is a question of fact to be determined by the Review Board, and its decision is conclusive and binding so long as supported by substantial evidence of probative value. Id.

Jorman appears to assert that IPS did not meet its burden of proof because he had a valid disagreement in principal with IPS. According to Jorman, it was his intent to update his mailing address, not his county of residence, he corrected the dates, explained what happened to his supervisor, and IPS's continued request for a Marion County background check was not reasonable. Jorman asserts that he "refused to comply with the employer's request because he believed he was right, believed had complied, and therefore, as a matter of principal, stood his ground." Appellant's Br. p. 17.

Contrary to Jorman's assertions, the Review Board concluded:

> The employer had just cause to place the claimant on inactive status and the claimant was suspended for misconduct in connection with work, because the claimant refused to obey a reasonable instruction of the employer. The claimant received an instruction to get a criminal background check from a Manager and the Director of Human Resources. The instruction was reasonable because the employer requires employees in the claimant's position to provide a background check from their county of residence and the claimant reported a Marion County address to the employer. Additionally, the employer's administrative guidelines and qualifications for substitute teachers explain this is a

6

requirement and the employer pays for the background checks. It is not unreasonable for the employer to request a background check from a person who works with children. The claimant willfully disregarded as [sic] the instruction, as the instruction was received, the claimant was physically capable of getting the background check, and the claimant was given an adequate opportunity to obtain the background check. The claimant refused to obey the reasonable instruction. The claimant is unavailable for work within the meaning of the law due to "suspension" (being placed on inactive status) for misconduct in connection with work.

Appellant's App. p. 4. The Review Board's findings of fact support this conclusion and the evidence supports those findings. Jorman's disagreement with the request to obtain a Marion County background check does not make the request itself unreasonable. Without more, he has not shown that the Review Board erred in concluding that he was unavailable for work.

## Conclusion

Jorman has waived his challenge to the Review Board's determination that he was unavailable for work. Waiver notwithstanding, he has not shown that the Review Board erred in its determination that he was unavailable for work. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.