**Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**

APPELLANT *PRO SE*:

**NORMAN A. ELLIS SR.**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**STACEY M. DAVIS**
Indianapolis, Indiana

FILED

May 23 2013, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NORMAN A. ELLIS SR., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1201-DR-62 |
| | ) | |
| SIKANYISO ELLIS, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
The Honorable Caryl F. Dill, Magistrate
Cause No. 49D12-1104-DR-15572

**May 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Respondent Norman A. Ellis Sr. ("Husband") and Appellee-Petitioner Sikanyiso Ellis ("Wife") were married on or about February 2, 2002. On April 20, 2011, Wife filed for divorce after the parties were involved in some kind of domestic disturbance. The trial court issued an order dissolving the parties' marriage on November 16, 2011. Husband raises numerous allegations of trial court error on appeal and requests that the matter be remanded with an order that the parties participate in mediation. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

The parties were married on or about February 2, 2003. There were no children born to the parties during the marriage. The parties were separated on or about April 11, 2011, and Wife filed for divorce on April 20, 2011. Wife did not seek any provisional relief in her petition for divorce.

The matter was set for a preliminary hearing on May 18, 2011. At some point before the May 18, 2011 preliminary hearing, Wife filed a petition for an order of protection against Husband. The trial court heard evidence on Wife's petition for an order of protection during the May 18, 2011 preliminary hearing. Following the hearing, the trial court found that Wife had not satisfied her burden of proof and dismissed her petition for an order of protection.

---

[1] We note that our review of the instant matter was made more difficult by Husband's failure to provide this court with a transcript of the divorce proceedings as well as a failure to provide this court with certain relevant documents that were allegedly filed with the trial court. In light of the lack of a transcript, we will base our review, where necessary, on the Decree of Dissolution issued by the trial court and the Magistrate's Rule 31 Certified Statement of the Evidence that was filed with this court on appeal.

2

On May 27, 2011, Husband filed a Countersuit for Dissolution of Marriage and for Preliminary Hearing for Issuance of a Restraining Order. The trial court set a preliminary hearing for July 27, 2011. Husband acknowledged that he received notice of this hearing. Husband filed a new petition for an order of protection on June 3, 2011. Also on June 3, 2011, the trial court, on its own motion, issued an order converting the July 27, 2011 preliminary hearing to a final hearing. On July 14, 2011, Husband filed a request for mediation and an ex parte letter to the court. The ex parte letter was not read or considered and the request for mediation was denied.

On July 27, 2011, the trial court conducted a final hearing on the parties' divorce petitions. The trial court provided the parties with an expanded time period for the hearing to allow each party ample time to be heard. During the hearing, Wife presented a proposed valuation and division of property. Husband contested some of the values contained in Wife's proposed valuation of property but presented no alternative valuation. Husband was given an opportunity to cross examine Wife and present testimony on his own behalf regarding the issue of property value and division. Husband, however, did not offer any evidence and merely requested an equal division of the assets while asserting that he was unwilling to assume an equal division of the liabilities. The trial court allowed Husband seven days after the hearing to file a list of personal items that he believed should be awarded to him. The trial court held a subsequent hearing on November 2, 2011, during which the court heard arguments relating to the division of the parties' assets, liabilities, and personal property. During this subsequent hearing, Husband apparently agreed that Wife should

3

receive the parties' home and a vehicle, along with all debts associated with the home and the vehicle.

On November 16, 2011, the trial court issued an order dissolving the parties' marriage. In this order, the trial court awarded both parties certain personal property. The trial court awarded the parties' residence and vehicle to Wife, and assigned her all liabilities associated with these items.[2] The personal debts of each party were attributed to that party. The trial court's order also indicated that Wife could retain her last name, which she adopted from Husband after the parties' marriage. This appeal follows.

## DISCUSSION AND DECISION

Initially we note that Husband raises numerous issues on appeal but has largely failed to present any argument supported by cogent reasoning or citations to relevant authorities, statutes, or parts of the record as required by Indiana Appellate Rule 46(A)(8)(a).

> The purpose of the appellate rules, especially Ind. Appellate Rule 46, is to aid and expedite review, as well as to relieve the appellate court of the burden of searching the record and briefing the case. [*Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003).] Ind. Appellate Rule 46(A)(8)(a) states that the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on...." It is well settled that we will not consider an appellant's assertion on appeal when he has failed to present cogent argument supported by authority and references to the record as required by the rules. *Thacker*, 797 N.E.2d at 345. If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This, clearly, we cannot do. *See id*.

---

[2] The property valuation submitted by Wife indicates that the liabilities associated with the residence and the vehicle are greater than the value of the items.

4

*Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). However, despite Husband's failure to provide citations to the record or relevant authority, and his failure to present cogent argument in support of his claims, where possible, we will attempt to review the merits of Husband's claims.

## I. Preliminary Hearing

Husband contends that the trial court erred by failing to conduct a preliminary hearing on the parties' divorce. The record, however, indicates that the trial court conducted a preliminary hearing on May 18, 2011. The trial court held this hearing despite the fact that there had not been a request for any provisional relief. During this hearing, the trial court allowed the parties the opportunity to discuss any preliminary matters that may have arisen and heard evidence relating to a request for an order of protection that was filed by Wife on or before the date of the hearing. Husband does not claim that he did not receive notice of this hearing. Rather, the record indicates that Husband attended this hearing and was given an opportunity to be heard by the trial court.

Furthermore, to the extent that Husband claims that the trial court erred by failing to conduct a second preliminary hearing in the divorce proceedings after Husband subsequently filed his counter-petition for divorce, Husband has failed to point to any authority suggesting that the trial court was required to conduct an additional preliminary hearing merely because Husband filed his counter-petition in the ongoing divorce proceedings.[3] In addition, Husband has failed to present a cogent argument relating to what, if any, preliminary matters existed

---

[3] Husband correctly asserts that the trial court initially set the matter for a second preliminary hearing, but, on its own motion, subsequently converted the hearing from a preliminary hearing to a final hearing.

but were not considered by the trial court. Husband has failed to demonstrate that the trial court erred in this regard.

## II. Notice of Final Hearing

Husband also contends that the trial court violated his fundamental due process rights by failing to provide him with adequate notice of the July 27, 2011 final hearing, claiming that he did not receive proper notice of the final hearing because he was not made aware of the final hearing until approximately fifteen minutes before it was scheduled to begin. In support, Husband relies on Marion County LR49-TR40 Rule 214(b) which provides, "In all dissolution … matters, the Moving party or their counsel shall give notice of the time and place of the hearing or trial by subpoena, notice of hearing or letter, served upon the adverse party at least seven days prior to the trial date and file a copy of said notice with the Court on or prior to the trial date."

In raising this claim, Husband acknowledges that he was aware of the July 27, 2011 hearing, but claims that he did not receive the trial court's notice that the hearing had been converted from a second preliminary hearing to a final hearing because he was incarcerated. The record clearly demonstrates that the trial court issued an order on June 3, 2011, alerting both parties that the July 27, 2011 hearing had been converted to a final hearing, and Husband did not present any evidence suggesting that he could not have received the trial court's order while in jail.

Husband also claims that because he was incarcerated prior to the July 27, 2011 hearing, he did not have the opportunity to present evidence to the trial court. However,

6

despite Husband's claims to the contrary, the record clearly indicates that Husband was given the opportunity to present testimony on his own behalf, to fill out a financial declaration form, and to cross-examine Wife. The record shows that the trial court granted Husband an opportunity to submit evidence to the trial court after he was released from incarceration and even conducted a subsequent hearing on issues relating to the division of the parties' assets, liabilities, and personal property. This subsequent hearing was conducted after Husband was released from incarceration and after he had submitted documentation regarding his proposed division of property to the trial court. As such, Husband has failed to demonstrate that his due process rights were violated or that he was prejudiced by any action of the trial court. Accordingly, we conclude that Husband has failed to demonstrate that the trial court erred in this regard.

### III. Presentation of Evidence Relating to Credibility of Wife and Wife's Son

Husband contends that the trial court erred because he was not permitted to present testimony relating to the credibility of Wife or Wife's son. Husband, however, has failed to present any cogent argument in relation to this claim. As such, pursuant to Indiana Appellate Rule 46(A)(8)(a), Husband has waived this claim.

### IV. Denial of Request for Court Appointed Attorney

Husband also contends that the trial court erred in denying his request for a court-appointed attorney. In civil matters, the trial court is not required to appoint counsel for a party, but may do so under exceptional circumstances. *See* Ind. Code § 34-10-1-2(b)(2). In deciding whether to appoint an attorney, the trial court may consider (1) the likelihood that

the applicant will prevail on the merits of his claim or defense, or (2) the applicant's ability to investigate and present his claims or defenses without an attorney, given the type and complexity of the facts and legal issues in the action. Ind. Code § 34-10-1-2(c). A trial court should deny a request for court-appointed counsel if it determines that (1) the applicant failed to make a diligent effort to obtain an attorney before filing the application, or (2) the applicant is unlikely to prevail on his claim or defense. Ind. Code § 34-10-1-2(d).

Husband asserts that he filed several motions seeking the appointment of counsel. Husband, however, did not include these motions in the record on appeal and the Magistrate's Certified Statement of the Evidence merely indicates that Husband's request for appointment of counsel was denied. Accordingly, we are unable to review what evidence, if any, Husband presented regarding his financial situation or what determinations the trial court made about Husband's financial status, the complexity of the issues before the court, or the likelihood that Husband would prevail on the issues relating to the divorce. As a result, we conclude that Husband has failed to demonstrate that he was entitled to court-appointed counsel under Indiana Code section 34-10-1-2, or that the trial court erred in this regard.[4]

### V. Division of Assets and Liabilities

Husband also contends that the trial court erroneously divided the parties' marital estate, arguing that he did not receive any community property, only certain items of personal property. In raising this claim, Husband makes baseless allegations of fraud and deceit by

---

[4] To the extent that Husband argues that he was entitled to court-appointed counsel under Article I, Section 13 of the Indiana Constitution and the Fourteenth Amendment to the United State Constitution, we note that the constitutional provisions relating to the right to counsel extend only to criminal matters and do not provide an individual with a right to counsel in a civil matter.

8

Wife and Wife's counsel with respect to the valuation of the parties' assets, liabilities, and personal property. Husband also makes baseless allegations of unprofessional behavior by Wife's counsel and insinuates that the trial court's decision regarding the division of property could have potentially been retaliation for his filing a complaint with the judicial qualifications committee.

The record demonstrates that Husband indicated that he was unwilling to take on any debts or liabilities associated with any property owned by Wife, including a vehicle and the home in which the parties had resided. Wife, on the other hand, presented a financial declaration that included information relating to the value of the home and vehicle as well as the outstanding liabilities associated with these assets. Wife indicated a willingness to take on the outstanding liabilities, which exceed the value of the items, and to retain ownership of the home and the vehicle. In his proposed division of the parties' property, Husband claimed that he should receive half of the value of the home and the vehicle. However, the record indicates that during the subsequent hearing before the trial court, Husband apparently dropped this claim and agreed that Wife should retain the home and vehicle. Further, with respect to personal property, Husband did not present any evidence relating to the value of any of the personal property claimed by the parties. As such, we conclude that Husband has failed to demonstrate that the trial court erred in dividing the parties' marital estate.

## VI. Wife's Last Name

Husband also contends that the trial court erred in allowing Wife to retain her last name, which she adopted after the parties were married. Husband, however, has failed to

9

present any cogent argument in relation to this claim.  As such, pursuant to Indiana Appellate Rule 46(A)(8)(a), Husband has waived this claim.

## VII.  Issues Relating to Storage Unit

Husband last contends that the trial court erred in some regard with respect to a storage unit that was initially rented by Wife and in which some of Husband's personal property was placed.  Husband, however, has failed to present any cogent argument in relation to this claim.  As such, pursuant to Indiana Appellate Rule 46(A)(8)(a), Husband has waived this claim.

## CONCLUSION

In sum, we conclude that Husband has failed to demonstrate any error by the trial court with respect to any of the claims raised on appeal.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.