**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JERRY W. DILLON**
Calumet City, Illinois

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERRY DILLON, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1304-CT-165 |
| | ) | |
| STATE OF INDIANA, BURTON A. PADOVE, | ) | |
| LAURIE LEBER, and PATRICIA PITCHER, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Jeffrey L. Thode, Special Judge
Cause No. 45D11-1202-CT-34

**January 24, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jerry Dillon appeals the dismissal of his complaint against the State of Indiana and Laurie Leber. We affirm.

**Issue**

Dillon raises several issues, which we consolidate and restate whether the trial court properly dismissed his complaint against the State.

**Facts**

On May 1, 2012, Dillon filed a pro se "Amended Complaint from the Deprivation of Constitutional & Civil Rights and Request for Trial by Jury."[1] Appellee's App. p. 13. The complaint was related to a 2005 child support order and contempt citation. Dillon named as defendants the State, Leber, his child's mother, Padove, Leber's attorney during those proceedings, and Patricia Pitcher, the court reporter. Dillon alleged that the trial court judge, magistrate, prosecutor, court reporter, and the State acted improperly during the proceedings, violating his constitutional and due process rights.

On May 22, 2012, the State filed a motion to dismiss and, on May 30, Padove and Leber filed a motion to dismiss. Apparently, Pitcher also filed a motion to dismiss. While the motions to dismiss were pending, the trial court stayed discovery. On December 5, 2012, a hearing was held on the motions to dismiss filed by the State and

---

[1] In his brief, Dillon refers to himself as a "lay citizen." Appellant's Br. p. 6. However, as we have noted many times before, a litigant who chooses to proceed pro se will be held to the same rules of procedure as trained legal counsel. Shepherd v. Truex, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004)

Padove and Leber.  On February 27, 2013, the trial court issued an order dismissing the claims against the State, Padove, and Leber.  Dillon now appeals.[2]

**Analysis**

Dillon first argues that the trial court did not allow him adequate time to make the case for his complaint.  In support of this argument, Dillon relies on a statement by the trial court during the December 5, 2012 hearing in which the trial court urged Dillon to continue with his argument because "we're running short of time, folks."  Tr. p. 13.  Dillon then proceeded to discuss his complaint at great lengths.  There is no indication that the hearing or Dillon's arguments were cut short, and Dillon did not expressly request more time to make his argument.  Without more, Dillon has not shown that he was denied a fair hearing.

Dillon also argues that the trial court did not timely rule on his motion for a separate hearing on the issue of immunity, which was the basis of the State's motion to dismiss.  The CCS indicates that, on August 7, 2012, Dillon filed a motion to set a hearing on immunity.  Although Dillon argues that the trial court did not rule on his request, at a status conference on August 28, 2012, the trial court scheduled a hearing for pending motions for December 5, 2012.  Because the trial court set a hearing for all pending matters, which included this motion, the matter was set for a hearing within the thirty-day limit described in Indiana Trial Rule 53.1.

---

[2] Apparently, Pitcher's motion to dismiss was granted after Dillon filed his notice of appeal, and Dillon asserts that the granting of Pitcher's motion to dismiss is "to be adjudicated separately."  Appellant's Br. p. 3.  Dillon also asserts that he and Padove have resolved their differences and fails to make a specific argument regarding the dismissal of his purported claim against Leber.  Thus, we only address the granting of the State's motion to dismiss.

Further, at the December 5, 2012 hearing, when Dillon raised the issue of a separate hearing on the issue of immunity, the trial court considered the issue of immunity "wrapped up" in the motion to dismiss. Tr. p. 3. At the conclusion of the hearing, when Dillon asked whether the issue of immunity was being addressed as part of the motion to dismiss, the trial court explained that another hearing was not necessary because immunity was the basis for the State's motion to dismiss. The trial court did not improperly fail to rule on this motion.

Dillon also argues that, in granting the motions to dismiss, the trial court was required to make findings of fact and conclusions of law pursuant to Indiana Trial Rule 52. This rule, however, applies to issues of fact tried without a jury, not to a trial court's ruling on a motion to dismiss, which is governed by Indiana Trial Rule 12(B). Dillon does not direct us to any authority requiring a trial court to issue findings and conclusions when it grants a Trial Rule 12(B) motion to dismiss. Dillon has not established that the trial court erred by not issuing findings and conclusions.

To the extent Dillon contends he was entitled to a jury trial on his claims and the issue of immunity, this argument is not supported by cogent argument and citation to the appendix as required by Indiana Appellate Rule 46(A)(8). In fact, Dillon failed to provide us with an appendix as required by Indiana Appellate Rule 49. "'While we prefer to decide cases on their merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors.'" Shepherd v. Truex, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004) (citation omitted). The purpose of the appellate rules, especially

4

Indiana Appellate Rule 46, is to aid and expedite review, as well as to relieve us of the burden of searching the record and briefing the case. Id. It is well settled that we will not consider an appellant's assertion on appeal when he or she has failed to present cogent argument supported by authority and references to the record as required by the rules. Id. "If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This, clearly, we cannot do." Id. This jury trial argument is waived.

Dillon also contends that the trial court abused its discretion by staying discovery until it ruled on the motions to dismiss. Discovery matters are reviewed for an abuse of discretion, which may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Bridgestone Americas Holding, Inc. v. Mayberry, 878 N.E.2d 189, 191 (Ind. 2007). As an initial matter, Dillon failed to support this argument with relevant citations to the appendix. Nevertheless, upon our review of the chronological case summary included in the State's appendix, we are not convinced that the trial court abused its discretion in postponing discovery while the motions to dismiss, which were based on immunity and the statute of limitations, were pending. Dillon's pro se complaint against various state actors and other parties arose out of a 2005 paternity action. The claim did not include a clear cause of action for the purported deprivation of his constitutional and civil rights. It was within the trial court's discretion to stay discovery while the motions to dismiss were pending, and Dillon has not established an abuse of that discretion.

## Conclusion

Dillon has not established that the trial court erred in dismissing his complaint. We affirm.

Affirmed.

ROBB, J., and BROWN, J., concur.