## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 27 2015, 8:25 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Fathollah Partow
Westfield, Indiana

ATTORNEY FOR APPELLEE

Robert D. Roache, II
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Fathollah Partow,

*Appellant-Defendant,*

v.

Countryside Homeowners
Association, Inc.,

*Appellee-Plaintiff*

October 27, 2015

Court of Appeals Case No.
29A02-1410-SC-730

Appeal from the Hamilton
Superior Court

The Honorable William P.
Greenaway, Magistrate

Trial Court Cause No.
29D04-1404-SC-3778

**Crone, Judge.**

## Case Summary

[1] Fathollah Partow, pro se, appeals the small claims judgment entered against him in favor of Countryside Homeowners Association, Inc. ("Countryside HOA"). Partow owns a townhome within a Westfield neighborhood under the

direction of Countryside HOA. Partow failed to pay the 2013 and 2014 homeowner's association assessments due on the property. Thereafter, Countryside HOA filed a small claims action against Partow seeking damages for the unpaid assessments for 2013 and 2014, late fees, administrative fees, and attorney's fees.

[2] A bench trial was held on September 17, 2014. Partow appeared pro se and Countryside HOA appeared by counsel. Countryside HOA submitted copies of the neighborhood declarations and covenants, as well as its policies for determining and collecting annual assessments from homeowners. Countryside HOA also provided evidence of Partow's unpaid assessments and fees, and the attorney's fees Countryside HOA had incurred in the collection process. Partow admitted that he failed to pay the 2013 and 2014 assessments but argued that Countryside HOA was just trying to "destroy" him and that Countryside HOA should have let him pay his delinquent assessments in monthly installments of $35. Tr. at 24. At the conclusion of the bench trial, the court awarded Countryside HOA $1912.75 in damages.

## Discussion and Decision

[3] Partow appeals the judgment of a small claims court. Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). On appeal, we review for clear error and we will presume that the trial court correctly applied the law. *Hutchison v. Trilogy Health Servs., LLC,* 2 N.E.3d 802, 805 (Ind. Ct. App. 2014). We will not reweigh the evidence or determine the credibility of witnesses, but will consider

only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id*. We are particularly deferential to the trial court in small claims actions because the trials are informal with the sole objective of dispensing speedy justice between the parties according to the substantive rules of law. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067-68 (Ind. 2006).

[4] "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." *Marion-Adams Sch. Corp. v. Boone*, 840 N.E.2d 462, 468 (Ind. Ct. App. 2006). We note that Partow proceeded pro se below and has also chosen to proceed pro se in this appeal. It is well settled that "a litigant who chooses to proceed pro se will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of his action." *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). "While we prefer to decide cases on their merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors." *Id*.

[5] Here, Partow's noncompliance with our appellate rules has substantially impeded our review. Although he has failed to comply with a number of appellate rules, we will concentrate on the most egregious violation. Indiana Appellate Rule 46(A)(8)(a) requires the appellant's contentions to be supported by cogent reasoning and "citations to the authorities, statutes, and the Appendix or parts of the Record on appeal relied on …." Partow's brief essentially consists of a list of bald assertions, unsupported by cogent reasoning,

without a single citation to legal authority, the appendix, or any part of the record on appeal. It is not our burden to search the record, research relevant authorities, and brief his case for him. If we were to address his arguments as he has presented them, "we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This, clearly, we cannot do." *Shepherd,* 819 N.E.2d at 463. Partow has waived our review of his contentions for lack of cogent argument. *See id.*

[6] Waiver notwithstanding, we are able to discern that the crux of Partow's argument is simply a request for us to reweigh the evidence in his favor, a task not within our prerogative on appeal. *See Hutchison,* 2 N.E.3d at 805. The judgment of the trial court is affirmed.

[7] Affirmed.

May, J., and Bradford, J., concur.