In the Matter of PATERNITY
OF BA.S. & Br.S.

Kimberly C., Appellant,

v.

Barry S., Appellee.

No. 64A03–0901–JV–30.

Court of Appeals of Indiana.

June 24, 2009.

John L. Kelly, Merrillville, IN, Attorney for Appellant.

George P. Galanos, Crown Point, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Kimberly A. ("Mother") filed a notice of relocation with the Porter Circuit Court

informing the court of her intention to move her children to Norfolk, Virginia. The children's father, Barry S. ("Father"), objected to the proposed relocation and also filed a motion to modify custody. The trial court granted Father's motion and awarded him custody of the children. Mother appeals and argues that in modifying custody, the trial court violated her due process rights and its decision runs afoul of public policy concerns. We affirm.

## Facts and Procedural History

Mother is the mother of Ba.S., born on January 6, 2002, and Br.S., born on December 16, 2003. Father was adjudicated the children's father in an agreed order filed with the trial court on April 11, 2008. In the order, the parties agreed to share joint legal custody of the children, and that Father would "pick up the children from day care on Fridays and the [M]other shall pick up the children from [F]ather's care on Sundays." Appellant's App. p. 1. On the date the agreed order was filed, Mother resided in Valparaiso, Indiana and Father resided in Maywood, Illinois. Mother's and Father's extended families generally reside in those areas as well.

In 2008, Mother married Levi A., who had enlisted in the Navy. In May 2008, Levi A. was deployed to a military base in Norfolk, Virginia. On May 15, 2008, Mother notified Father and the trial court that she intended to move the children to Norfolk, Virginia. Father objected to Mother's proposed relocation of the children and also filed a Petition to Modify Custody. The trial court appointed George Ivancevich to serve as the guardian ad litem ("the GAL"). Evidentiary hearings on the parties' motions were held on June 6, June 28, and August 15, 2008. In his reports and testimony at the hearing, the GAL opined that custody of the children should be modified and Father should be awarded custody.

On August 15, 2008, the trial court ordered the parties to submit their proposed findings of fact and conclusions of law. The court also ordered that "the children are to be returned to their father's care no later than August 24, 2008, to begin their school year in the Maywood School District." Appellant's App. p. 3.

On December 29, 2008, the trial court issued its findings of fact and conclusions of law denying Mother's proposed relocation of the children and modifying custody in Father's favor. The court concluded in pertinent part:

3. The Court finds that on April 11, 2008, the parents entered into a mediated agreed paternity order resolving all issues.

4. The Court finds that their agreement formalized a parenting plan which was basically in effect since the birth of the oldest child....

5. The Court finds that 34 days later the mother filed a Notice of Intent to Move and Verified Petition for Modification of Visitation.

\* \* \*

9. The Court finds that the record in the above cause contains evidence of substantial changes that would occur in the children's relationship and interaction with their father, their paternal and maternal grandparents and their adjustment to school and their home environment. The Court finds these changes would cause substantial emotional trauma to the children.

\* \* \*

11. The Court finds that since the birth of [Ba.S.], the parents have maintained separate homes and enjoyed a shared parenting time relationship. Each parent played a significant role in nurtur-

ing, providing care and sharing decisions.

12. The Court finds, consistent with the evidence, the father is the best parent to provide the structure, continuity and reliability the children need.

13. The Court finds that the father has a long and steady work history. He is the parent that will most likely provide the non-custodial parent with parenting time, and visitation with their extended families.

14. The Court finds that for the next few years there is the potential for several more moves during the term of the stepfather's enlistment which would again disrupt the continuity and stability of the children's lives.

\* \* \*

16. The Court finds that the father's and mother's families have been a regular, reliable source of daily love, nurturing, and emotional support for the children since their births. To sever that relationship would be detrimental to their emotional and mental well-being.

17. The Court finds that mother's testimony as when she knew of the move is not credible, and that she entered into the agreement of April 11, 2008 in bad faith.

18. The Court finds there is a continuing change in circumstances of one or more of the factors a court may consider in determining a modification of custody, and that it is in the children's best interests that custody be granted to the father, subject to the mother having parenting time.

19. The circumstances surrounding relocation can create a substantial change.

Appellant's App. pp. 7–9. Mother now appeals the custody modification. Additional facts will be provided as necessary.

## Standard of Review

 The trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52, therefore:

we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. The trial court's findings and conclusions will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We neither reweigh the evidence or assess the credibility of witnesses, but consider only the evidence most favorable to the judgment.

*Webb v. Webb,* 868 N.E.2d 589, 592 (Ind. Ct.App.2007) (citations omitted).

In addition to the standard of review under Trial Rule 52, our supreme court has expressed a "preference for granting latitude and deference to our trial judges in family law matters." *In re Marriage of Richardson,* 622 N.E.2d 178, 178 (Ind. 1993). The rationale for this deference is that appellate courts "are in a poor position to look at a cold transcript of the record, and conclude that the trial judge ... did not properly understand the significance of the evidence, or that he should have found its preponderance or the inferences therefrom to be different from what he did." *Kirk v. Kirk,* 770 N.E.2d 304, 307 (Ind.2002) (citation omitted).

## Discussion and Decision

In 2006, our General Assembly added to the Family Law Title of the Indiana Code an entire chapter concerning the relocation of a custodial parent. *See* Ind.Code ch. 31–17–2.2 (Supp.2007). This new chapter was recently summarized by our Supreme

Court in *Baxendale v. Raich,* 878 N.E.2d 1252 (Ind.2008):

"Relocation" is "a change in the primary residence of an individual for a period of at least sixty (60) days," and no longer requires a move of 100 miles or out of state. *Id.* § 31–9–2–107.7. A "relocating individual" is someone who "has or is seeking: (1) custody of a child; or (2) parenting time with a child; and intends to move the individual's principal residence." *Id.* § 31–9–2–107.5. A "nonrelocating parent" is someone "who has, or is seeking: (1) custody of the child; or (2) parenting time with the child; and does not intend to move the individual's principal residence." *Id.* § 31–9–2–84.7. Upon motion of either parent, the court must hold a hearing to review and modify custody "if appropriate." *Id.* § 31–17–2.2–1(b). In determining whether to modify a custody order, the court is directed to consider several additional factors that are set out in section 31–17–2.2–1(b) and are specific to relocation. In general, the court must consider the financial impact of relocation on the affected parties and the motivation for the relocation in addition to the effects on the child, parents, and others identified in Section 8 as relevant to every change of custody.

*Id.* at 1255–56 (footnotes omitted).

 Under Chapter 2.2, there are two ways to object to a proposed relocation: a motion to modify a custody order under Indiana Code section 31–17–2.2–1(b), and a motion to prevent the relocation of a child under Indiana Code section 31–17–2.2–5(a). *See Baxendale,* 878 N.E.2d at 1256 n. 5. If the non-relocating parent does not file a motion to prevent relocation, then the relocating parent with custody of the child may relocate. *Id.* If the non-relocating parent does file a motion to prevent relocation, then the relocating parent must first prove that "the proposed relocation is made in good faith and for a legitimate reason." *Id.* (quoting I.C. § 31–17–2.2–5(c)). If this burden is met, then the non-relocating parent must prove that "the proposed relocation is not in the best interests of the child." *Id.* (quoting I.C. § 31–17–2.2–5(d)). Under either a motion to prevent relocation or a motion to modify custody, if the relocation is made in good faith "both analyses ultimately turn on the 'best interests of the child.'" *Id.*

The custodial parent's relocation does not require modification of a custody order. However, when the non-relocating parent seeks custody in response to a notice of intent to relocate with the child, the court shall take into account the following factors in considering the proposed relocation:

(1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

(A) relocating individual for seeking relocation; and

(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

Ind.Code § 31–17–2.2–1(b). "The court may consider a proposed relocation of a child as a factor in determining whether to modify a custody [or] parenting time order[.]" Ind.Code § 31–17–2.2–2(b).

■ Mother contends that the trial court erred in modifying custody in favor of Father, and in support of that argument, she initially argues that the trial court's reliance on *Baxendale* is misplaced. In *Baxendale*, both parents resided in Valparaiso, but Mother filed a notice to relocate to Minnesota. In this case, however, the change of custody involves relocating the children from Valparaiso to Maywood, Illinois. Therefore, Mother argues that the "trial court erred in the application of *Baxendale* in formulating a judgment to modify custody of the Children." Appellant's Br. at 17.

However, as noted in *Baxendale*, "a 'nonrelocating parent' is someone 'who has, or is seeking: (1) custody of the child; or (2) parenting time with the child; and does not intend to move the individual's principal residence.'" 878 N.E.2d at 1255 (citations omitted). Father's principal residence is Maywood, Illinois, and he does not intend to change his principal residence. The evidence presented at the hearing established that the children have spent a significant amount of time at their Father's residence in Maywood, and therefore, the inference can be made that the children are familiar with that community and its surroundings. Moreover, this case undisputedly involves Mother's relocation to Norfolk, Virginia, a community far removed from Valparaiso and with which the children have no familiarity. For this reason, we cannot conclude that the trial court erred in applying a *Baxendale* analysis in determining whether a change of custody was warranted.

Next, Mother argues that "application of *Baxendale* by the trial court, substituted the decision of what constitutes the best interests of the Children, to the authority of the State and withdrew the decision making authority from a fit, custodial parent. Without more, this substitution violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and requires reversal" of the trial court's decision. Appellant's Br. at 21.

In *Baxendale*, our supreme court discussed the interaction between a parent's right to travel and a child custody order. The court recognized that a "chilling effect on travel can violate the federal Constitution," but also acknowledged "that other considerations may out-weigh an individual's interest in travel." 878 N.E.2d at 1259.

> We think it clear that the child's interests are powerful countervailing considerations that cannot be swept aside as irrelevant in the face of a parent's claimed right to relocate. In addition, it is well established that the nonrelocating parent's interest in parenting is itself of constitutional dimension.

*Id.*

We agree that Mother's decision to relocate is valid and appears to be made in good faith.[1] But, in her argument, Mother fails to acknowledge Father's own constitutional right to parent the children. Moth-

---

1. However, the trial court found that "mother's testimony as when she knew of the move is not credible, and that she entered into the agreement of April 11, 2008 in bad faith." Appellant's App. p. 9. Mother's argument that the finding is not supported by the evidence is simply a request to reweigh the evidence and credibility of the witnesses, which we will not do. Moreover, it does not appear that the trial court considered Mother's bad faith in determining whether to award custody to Father.

er and Father agreed to joint legal custody in the April 11, 2008 agreed order. In this case, the trial court heard the testimony of both parents and considered the GAL's extensive investigation as to whether relocation was in the children's best interests. As our supreme court has observed, Mother's due process right to travel and parent her children may be impinged upon where such relocation is not in the children's best interests. Indeed, decisions as to the custody of children always involve a balance between competing, legitimate parental interests, some of which are constitutional in magnitude, and the trial court must always take those interests into account as it determines whether a change of custody is in the children's best interests.

Finally, Mother argues that "it is violative of public policy to require the wife of an active duty member of the United States Navy to make" the choice of either remaining with her husband while he is on active duty or living apart from her husband but retaining custody of her children. Br. of Appellant at 25. Further, Mother asserts that the trial court's conclusion that deployments and possible future relocations would disrupt the stability of the children's lives is also a violation of public policy.

We acknowledge the significant sacrifice members of the military and their families make for their service to our country. However, Mother appears to argue that such military service, here by a step-parent, trumps Indiana's statutory and common law consideration of the best interests of the children. This is not the case.

After reviewing the evidence, the trial court concluded that a change of custody in favor of Father was in the children's best interests. On appeal, Mother has not presented any argument which would lead us to conclude otherwise. For all of these

reasons, we affirm the trial court's decision to award custody of the children to Father.

Affirmed.

RILEY, J., and KIRSCH, J., concur.