

**FILED**

Oct 31 2023, 9:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Allison L. Martinez Wheeler
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jonathan R. Deenik
Deenik Lowe, LLC
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nadia Drake,

*Appellant-Petitioner,*

v.

Zachary Drake,

*Appellee-Respondent.*

October 31, 2023

Court of Appeals Case No.
22A-DC-3089

Appeal from the Marion Superior
Court

The Honorable Ryan Gardner,
Judge

The Honorable Sarah Glasser,
Magistrate

The Honorable Regina Tidwell,
Magistrate

Trial Court Cause No.
49D10-2106-DC-4665

**Opinion by Judge Riley**
Judges Crone and Mathias concur.

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Petitioner, Nadia Drake (Wife), appeals the trial court's findings of fact and conclusions thereon, dissolving her marriage to Appellee-Respondent, Zachary Drake (Husband).

We affirm.

## ISSUES

Wife presents this court with three issues on appeal, which we consolidate and restate as follows:

> (1) Whether the trial court's provisional order and order on Husband's motion to continue are void due to the Magistrate's professional conflict with Husband's counsel; and
>
> (2) Whether the trial court abused its discretion by denying wife's request to relocate with the minor child to San Diego, California.

## FACTS AND PROCEDURAL HISTORY

The facts favorable to the trial court's decision are as follows. In November 2016, Wife and Husband met in Wife's hometown of San Diego, California, while Husband was stationed at MCAS Miramar with the Marine Corps. At the time, Wife was a student at Miramar College, pursuing an associate degree in criminal justice. The parties also resided in Portland, Oregon, for a little over a year, where Wife worked with America's Best as an eyecare specialist. On March 21, 2017, the parties married, and in March 2018, they moved to

Indiana, where Husband pursued an aviation certificate. On August 10, 2018, L.D. (Child) was born to Wife and Husband.

[5]     On June 4, 2021, Wife filed her petition to dissolve the marriage. Five days later, on June 9, 2021, Wife filed a notice of intent to relocate. In her notice, Wife specified that she intended to relocate with Child to San Diego, California, to attend and complete school at San Diego Miramar College; that she received an offer of employment at NVision in San Diego, earning more than her current wages; and that she has a support system in San Diego that will help provide care and support for both her and Child. On July 6, 2021, Husband objected because "the proposed relocation would likely result in significant damage to the relationship between Child and Husband, for the reason that Husband and [C]hild have a very close and bonded relationship, and Husband had always exercised regular care responsibilities." (Appellant's App. Vol. II, p. 51).

[6]     At the end of January 2022, prior to the trial court's ruling on Wife's intent to relocate and with three days' advance notice, Wife notified Husband that she and Child were leaving for a month-long vacation in California on February 2, 2022. Husband immediately voiced his objection to Wife's intended travel plans, as it would deprive him of his agreed-upon parenting time with Child. On February 7, 2022, the trial court issued a provisional order in the proceeding, establishing joint physical and legal custody of Child, with Husband paying weekly child support to Wife in the amount of $107. Despite this provisional order, Wife did not return to Indiana with Child. Instead,

Husband filed a Verified Petition for Enforcement and Request for Immediate Hearing, requesting the trial court to compel Wife to return to Indiana and comply with his parenting time as established in the provisional order. On February 14, 2022, the trial court issued an order, compelling Wife to return Child from California before February 20, 2022. Wife complied with the order.

[7] On November 28, 2022, the trial court issued its Decree of Dissolution after the parties stipulated to a property division in open court, which was approved by the trial court and incorporated in its Decree. The trial court issued the following conclusions in support of its denial of Wife's intent to relocate:

> Wife's relocation is in good faith and for a legitimate reason, as she wants to move closer to family to have more of a support network for her and the [C]hild.
>
> * * * *
>
> The [c]ourt notes it is a significant distance, over 2,000 miles, from San Diego, California to Indianapolis, Indiana. Husband will not be able to exercise his current parenting time schedule.
>
> Due to the distance between California and Indiana, most of Husband's communication with the [C]hild would be through Facetime or a similar computer application when the [C]hild is in California. The [C]hild is not at an age where she is able to utilize such technology and communicate with Husband by phone or by computer to maintain the relationship and bond. Husband had to previously reestablish his bond with the [C]hild when Wife went to California with the [C]hild.

Wife would point to the parties' payment of costs to transport the [C]hild between California and Indiana in 2019 as an indication that the expense is affordable. The [c]ourt notes that there was not a transportation expense for the [C]hild in 2019 as the [C]hild was an infant and flew for free. Additionally, Wife's family was assisting Wife with her expense for her own ticket(s) and Wife indicated she has not gone to see her family due to her inability to pay for it. The parties would be required to spend significant sums of money each year for airline travel to and from California. [Child] is not old enough to travel as an unaccompanied minor, meaning each parent would have to fly round-trip for each instance of parenting time. Husband's current employer does not include a benefit which could off-set the cost of his travel. The [c]ourt finds that neither party is in a financial position that would allow for the exercise of regular and consistent parenting time considering the cost associated with the parenting time.

The [C]hild has close and loving relationships with many family members who live in and around the Indianapolis area. Those relationships and consistent contacts would not be able to continue as they are if the [C]hild relocated to California. While the [c]ourt is cognizant of the extensive family the [C]hild has in California, the evidence presented demonstrates that the [C]hild last spent time with them in February 2022 and prior to that, in May 2020. Outside of those contacts, the [C]hild has had very little recent in-person contact with those family members.

Wife has established a pattern of conduct of leaving the State of Indiana with the [C]hild and going to California, thwarting Husband's contact with the [C]hild. Husband had to seek [c]ourt involvement each time and Wife was ordered to return each time. Outside of these incidents, Wife has not significantly interfered with Husband's bonding with the child.

The [c]ourt does not find credible Wife's claim that she needs to return to California to complete an associate degree to pursue her chosen field as a funeral director. While Wife may have completed some schooling, she has not pursued any higher education for the last several years while living in Indiana. The [c]ourt has concerns with Wife's plan to work full time, pursue schooling, and allow for her family to care for the [C]hild. If permitted to relocate, the [C]hild would spend the majority of her time with Wife's family, but not [with] Wife or with Husband. Here, both parents are willing and able to maintain an active role in [Child's] life.

While Wife has been offered a position making slightly more money, the [c]ourt does not find the pay increase to be at all significant, considering the cost-of-living differences between San Diego and Indianapolis and the expense to travel between the two cities.

The [c]ourt does not believe it feasible for Husband to maintain his current close relationship and bond with the [C]hild should she relocate to California. For over one year, the parties have exercised a joint legal and physical custody arrangement. By all accounts the [C]hild is happy, well-adjusted, and excelling. The [c]ourt attributes the [C]hild's overall well-being to the parties, and their joint custody arrangement. A relocation would significantly alter the relationship between [C]hild and parent.

It is not in the [Child's] best interest to alter the nature and quality of the relationship with Husband by allowing the [C]hild to be relocated.

(Appellant's App. Vol. II, pp. 35-37).

[8] Wife now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

I. *Professional Conflict*

Wife first contends that the trial court's provisional order and order on Husband's motion to continue are void due to the Magistrate's professional conflict with Husband's counsel. Besides a general recitation of the rules of Judicial Conduct and some case law relating to judicial bias and impropriety, Wife fails to articulate any argument or develop any analysis that would allow us to review the issue. In fact, her entire claim amounts to "[t]he trial court abused its discretion when [the Magistrate] did not disqualify herself upon learning that a professional conflict existed when Husband's new counsel entered his appearance in the case." (Appellant's Br. p. 16). Beyond this broad statement, Wife does not further elaborate on the perceived reason for the disqualification or the type of 'professional conflict.'

The purpose of the appellate rules, especially Indiana Appellate Rule 46, is to aid and expedite review, as well as to relieve the appellate court of the burden of searching the record and briefing the case. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). Indiana Appellate Rule 46(A)(8)(a) states that the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]" It is well settled that we will not consider an appellant's assertion on appeal when she has failed to present cogent argument supported by authority and references to the record as

required by the rules. *Thacker*, 797 N.E.2d at 345. If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This, clearly, we cannot do. *See id.*; *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). Accordingly, as Wife has failed to present us with a cogent argument, the issue is waived for our review. *See id.*

## II. *Intent to Relocate*

[11] Next, Wife contends that the trial court abused its discretion when it denied her request to relocate Child to San Diego, California. The trial court entered findings of fact and conclusions of law pursuant to Mother's request under Indiana Trial Rule 52(A). Our standard of review is well-settled: We must first determine whether the record supports the factual findings, and then whether the findings support the judgment. *M.S. v. C.S.*, 938 N.E.2d 278, 281-82 (Ind. Ct. App. 2010). On appeal, we will not set aside the findings or judgment unless they are clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses. *Id.* at 282. We therefore consider only the evidence favorable to the judgment and the reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility. *Id.* A judgment is clearly erroneous when there is no evidence to support the findings, the findings do not support the judgment, or the trial court applies the wrong legal standard to properly found facts. *Id.*

[12] "In addition to the standard of review under Trial Rule 52, our supreme court has expressed a 'preference for granting latitude and deference to our trial judges in family law matters.'" *In re Paternity of Ba.S.*, 911 N.E.2d 1252, 1254 (Ind. Ct. App. 2009) (quoting *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993)). Our supreme court re-emphasized this principle, stating that we afford such deference because of a trial court's "unique, direct interactions with the parties face-to-face." *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). "Thus enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children." *Id.*; *see also Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002). Therefore, we "will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment. The concern for finality in custody matters reinforces this doctrine." *Baxendale v. Raich*, 878 N.E.2d 1252, 1257-58 (Ind. 2008).

[13] When a parent files a notice of intent to relocate, the nonrelocating parent may object by moving to modify custody or to prevent the child's relocation. Ind. Code §§ 31-17-2.2-1(b); -5(a). When this objection is made, "[t]he relocating individual has the burden of proof that the proposed relocation is made in good faith and for a legitimate reason." I.C. § 31-17-2.2-5(c). If the relocating parent shows good faith and a legitimate reason, "the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child." I.C. § 31-17-2.2-5(f). A court must weigh the following

factors in considering a proposed relocation, as set forth in Indiana Code section 31-17-2.2-1(b):

> (1) The distance involved in the proposed change of residence.
>
> (2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.
>
> (3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.
>
> (4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.
>
> (5) The reasons provided by the:
>
>> (A) relocating individual for seeking relocation; and
>>
>> (B) nonrelocating parent for opposing the relocation of the child.
>
> (6) Other factors affecting the best interest of the child.

"Other factors affecting the best interest of the child" include, among other things, the child's age and sex; the parents' wishes; the child's wishes, with the wishes of children fourteen years or older being given more weight; the child's relationship with parents, siblings, and any other person affecting the child's best interests; and the child's adjustment to home, school, and the community. I.C. § 31-17-2-8; *see also Baxendale*, 878 N.E.2d at 1257.

[14]  In this case, the trial court found that Wife met the initial burden of showing a legitimate reason and good faith in relocating. The trial court then turned to

the issue of whether relocation of Child was in Child's best interests. It ultimately concluded that relocation would not be in Child's best interests, citing the following reasons: the distance and travel expenses involved in the move were significant; Husband was very involved in Child's daily activities; Child has a bond with the extended family in and around the Indianapolis area; and relocation would cause a significant deterioration in Child's relationships with Husband and Child's extended family.

[15] Instead of analyzing the trial court's findings and conclusions with respect to the relocation and focusing on the court's perceived errors therein, Wife presents us with her own enumeration of the statutory factors of the relocation statute in light of the evidence most favorable to her. For instance, despite extensive evidence to the contrary and the trial court's conclusions, Wife continues to insist that Husband's employment will pay for his travel expenses, and that Husband cannot exercise his parenting time due to his extensive employment-required travel schedule. To the contrary, Husband testified, and the trial court found credible, that Husband changed employment to a new position that no longer requires him to travel and that allows him to exercise his parenting time. In essence, Wife's entire argument amounts to a request to reweigh the evidence and to revisit the credibility of the witnesses, which, in light of our deferential standard of review, we are not allowed to do. *See M.S.*,

938 N.E.2d at 282. Therefore, we affirm the trial court's denial of Wife's request to relocate Child to California.[1]

## CONCLUSION

Based on the foregoing, we hold that Wife waived her argument on the Magistrate's perceived professional conflict for failure to present a cogent argument and we conclude that the trial court did not abuse its discretion by denying Wife's request to relocate Child to San Diego, California.

Affirmed.

Crone, J. and Mathias, J. concur

---

[1] In the final paragraph of her appellate brief, Wife appears to contest the trial court's child support order, makes a request for Husband to pay her rent, as well as a request to order Husband to pay her appellate attorney fees. Besides these general single-sentence allegations, Wife fails to present any analysis, let alone support these arguments with citations to the record and relevant case law. Accordingly, as wife failed to make a cogent argument, the issues are waived for our review. *See* Ind. Appellate Rule 46(A)(8)(a).